NO. 7815.

City Of New Orleans.

    Vs.

Robert A. Hicks.

State of Louisiana.

Court of Appeal

Parish of Orleans.

7815

# OPINION.

St. Paul, Judge.

Defendant's building, facing two of the most frequented public streets in the City of New Orleans, was destroyed by a fire. which left standing only the outside walls.

As these walls were a menace to the public safety, the municipal authorities ordered defendant to demolish them at once. But the latter (for reasons immaterial) failed to comply; whereupon the work of removal was done at the expense of the city, which now seeks to recover same from defendant.

The defense is two-fold, 1. That the only authority for condemning the walls lay in Act 175 of 1910, which authority plaintiff failed to exercise; and 2. That plaintiff paid too much to have the work done.

## I.

As to the amount paid for the work, the evidence satisfies us that it was a fair price. Defendant was given every reasonable opportunity to bring forward at the time those who (it is said) would have done the work for less; but again he failed to do so. And testimony given long after the event is of course far less convincing than the silence and inaction of the time.

## II.

If any special authority were needed to empower municipalities to suppress things dangerous to the public safety, it would be

497

found in Acts 76 and 156 of 1910 and in the ordinances passed in pursuance thereof. But no such special authority is needed, since it is of the essence of all governments to provide primarily for the public safety; Salus Populi Suprema Lex.

So that the very existence of a municipal government supposes necessarily a right and power therein to suppress in some way or other anything dangerous to the life of those who use its public streets; and the only question that can be, is whether the aforesaid Act 175 of 1910 prescribes the only way in which that right may be exercised.

Said act in effect provides that "buildings and other structures" within a municipality, which by reason of their "dilapidated or dangerous" condition becomes a menace to thepublic safety, may be condemned by the council of said municipality; and after such condemnation the owner shall have full ten days notice to appear at the next regular meeting of said council and show cause why said building or structure should not be demolished; with further right of appeal to the courts within ten days.

From our reading of said act we are of opinion that same applies especially to "buildings and structures" which still stand as a whole and are still capable of use as they stand. (See Section 5); and not to the remains and isolated parts of buildings and structures which have ceased to exist as such.

We regard said act not as intended to restrict in any way the rights and powers of municipalities, but on the contrary as afording a new remedy for the condemnation and demolition of buildings still capable of use, but dangerous when used, by reason of their old delapidated condition. And in our opinion said act does not impair the ordinary and speedy method of suppressing dangers to those who use the public streets, which arise suddenly by reason of the partial destruction of large edifices by fire or otherwise; and the long delays and cumbersome proceedure provided by the act convince us that it was not intended to apply in such cases; where haste is above all things essential to safety.

We think the judgment aopealed from is correct.

Judgment Affirmed.

New Orleans La, May 17th, 1920.